IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NOBLE TORNELLO FONTAINE )
PIERCE EL-BEY, )
 )
       Plaintiff, )
 )
  v. ) 1:09CV753
 )
NORTH CAROLINA BOARD OF )
NURSING, et al., )
 )
       Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Noble Tornello Fontaine Pierce El-Bey, has submitted a pro se complaint and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the North Carolina Board of Nursing and several of its members as the defendants in the case.

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(a). For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*,

490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. *White v. White*, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

Here Plaintiff's claims are difficult to decipher. However, he appears to allege that Defendants suspended his nursing license, which they had previously "coerced" him into receiving in order to support himself and his family. He also claims that one of the persons associated with Defendants libeled him through an order suspending his license for failure to pay child support. Plaintiff has attempted to set out sixteen causes of action. They can be divided into four types of allegations, each of which will be dealt with separately.

Causes of action one through five and ten are based on United Nations Declarations or various treaties or laws from the late eighteenth and early nineteenth century which are connected to this country's relations with Morocco, Tunisia, and Algeria. The connection between these sources of law and the North Carolina Board of Nursing is explained by Plaintiff's contention that he is a member of the "Unity Washitaw Mu'ur (Moor) Empire in

-2-

country North [C]arolina Republic." He believes that this entitles him to rights under certain indigenous people declarations and the previously mentioned treaties and laws.

Plaintiff is wrong in his belief. It is well-recognized in the courts that organizations such as the Washitaw or Moorish Nation are:

> notorious organization[s] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws. *Sanders-Bey v. United States*, 267 F. App'x 464, 466 (7th Cir.2008) (finding that "the Washitaw Nation ... is not recognized by the United States government"); *Bybee v. City of Paducah*, 46 F. App'x 735, 736-37 (6th Cir.2002) (finding that the "Nation of Washitaw" is "fictional"); *United States v. Gunwall*, No. 97-5108, 1998 U.S.App. LEXIS 18596, at *11 (10th Cir. Aug. 12, 1998) (rejecting claim that the court had no jurisdiction over a member of the Washitaw as "frivolous"); *Bey v. Louisiana*, No. 08-cv-0250, 2008 WL 4072747 (W.D.La. July 11, 2008) (finding that plaintiff's claim to land as a member of the Washitaw was "patently frivolous" and rested on documents of "dubious legal significance"); *Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. of Oakland County*, No. 06-CV15625, 2007 U.S. Dist. LEXIS 3199, at *2 (E.D.Mich. Jan. 17, 2007) (dismissing claim that plaintiffs owned several parcels of property by virtue of their Moorish ancestry as "baseless, fantastic, and delusional" and finding the complaint to be "indecipherable"); *Khattab El v. U.S. Justice Dep't*, No. 86-6863, 1988 U.S. Dist. LEXIS 544, at *5 (E.D.Pa. Jan. 22, 1988) (holding that "the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims").

*El-Bey v. United States*, No. 1:08CV151, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009)(unpublished). Any claims or arguments raised by Plaintiff which are based on those organizations or which rely on documents or arguments based on the doctrines of those organizations are clearly frivolous.

The next set of claims are claims under the United States Constitution. These are set out as Plaintiff's sixth, eighth, and twelfth claims for relief. His sixth claim for relief asserts that his rights under the Sixth and Seventh Amendments of the United States Constitution have been violated through "Malicious Prosecution." There are any number of problems with this claim, but it is sufficient here to note that Plaintiff has made no allegation that Defendants ever prosecuted him in any fashion. It fails for that reason, if for no other. As for Plaintiff's eighth and twelfth claims for relief, they state that his rights under the Fifth Amendment of the United States Constitution have been violated because his license was suspended without due process of law and because the suspension deprived him of his property without just compensation and due process. Again, there may be many flaws with the claims, but the most obvious is that Plaintiff has not pled even basic facts to support his claim. He has neither described any process to which he was entitled and which would implicate a federal right nor alleged how Defendants did not abide by that process. These claims should also be dismissed.

The next set of claims are those that appear to arise under federal statutes. Plaintiff's eleventh and thirteenth causes of action claim that Defendants violated a trademark or copyright and that they violated the "Privacy Act/Social Security Act." The trademark/copyright claim does not explain what alleged trademark or copyright was involved, much less how it was violated. As for the Privacy Act/Social Security Act claim, it states only that Defendants violated the acts by demanding Plaintiff's social security

number. Although some courts have recognized a private cause of action against a state actor under the Privacy Act, it is limited to narrow circumstances where a legal right is conditioned on the disclosure of a social security number. *Schwier v. Cox*, 340 F.3d 1284 (11th Cir. 2003).[1] Plaintiff alleges only that Defendants requested his number, not that they denied him a legal right based on its non-disclosure so as to potentially violated the Privacy Act. Further, it is not at all clear which provision of the Social Security Act Defendants' actions could have violated. Both of Plaintiff's statutory claims should be dismissed for failure to state a claim upon which relief can be granted.

Finally, Plaintiff sets out a number of state law causes of action. His seventh cause of action alleges defamation, his ninth alleges fraud, his fourteenth alleges breach of contract, his fifteenth alleges intentional infliction of emotional distress, and his sixteenth alleges common law conspiracy. Plaintiff has failed to set out either the elements or facts that would support the elements of any of these claims. These causes of action fail to state any proper claim for relief and should be dismissed.

Plaintiff's entire complaint is frivolous or fails to state a proper claim for relief. Therefore, Plaintiff is not entitled to further proceed as a pauper. Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma*

---

[1] At least one other court has found that no such cause of action even exists. *Dittman v. California*, 191 F.3d 1020 (9th Cir. 1999).

-5-

*pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

There is one other matter which must be briefly discussed. Plaintiff has filed a document entitled "Mandatory Injunction Magistrate Judge Misconduct of Judicial Code of Conduct." In that document, he makes various complaints about a Magistrate Judge who was previously involved in the case. The document is rambling and appears be a motion seeking to have the prior Magistrate Judge either remove himself or be removed from the case. Given that this matter has now been reassigned, Plaintiff's motion is moot and should be denied as such.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that Plaintiff's motion for an injunction (Docket No. 4) be denied for being moot and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

                    /s/ P. Trevor Sharp
                  United States Magistrate Judge

Date: December 31, 2009

-6-

Case 1:09-cv-00753-NCT-PTS   Document 6   Filed 12/31/09   Page 6 of 6